**WO**                                                                                                     KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carl David Fulton, | ) | No. CV 12-658-PHX-GMS (BSB) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Maricopa County Sheriff's Office, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Carl David Fulton, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a May 1, 2012 Order, the Court granted Plaintiff's Application to Proceed and dismissed the Complaint with leave to amend. On June 11, 2012, Plaintiff filed a Motion for Extension of Time.

**I.     Motion**

Plaintiff seeks an additional 90 days within which to file an amended complaint, but has not described why the extension of time is necessary. The Court will grant Plaintiff's Motion, in part, to the extent that Plaintiff will have 30 days from the filing date of this Order to file an amended complaint.

**II.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

JDDL-K

the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the May 1, 2012 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of the May 1, 2012 Order, or this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . .

. . .

**IT IS ORDERED:**

(1)     Plaintiff's June 11, 2012 Motion for Extension of Time (Doc. 9) is **granted in part** to the extent that Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with the May 1, 2012 Order.  The Motion is **denied in part** with respect to Plaintiff's request for a 90-day extension of time in which to file an amended complaint.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 7th day of August, 2012.

G. Murray Snow
United States District Judge