**WO**                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl David Fulton, | No.  CV 12-658-PHX-GMS (BSB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Carl David Fulton, who is confined in the Arizona State Prison Complex-Yuma, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.   In a May 1, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend.

On June 11, 2012, Plaintiff filed a Motion for Extension of Time, which the Court granted in an August 7, 2012 Order.  Plaintiff failed to file an amended complaint within the new 30-day deadline.  On September 20, 2012, the Clerk of Court entered a Judgment dismissing this action for failure to comply with a Court order.

Pending before the Court are Plaintiff's "Motion for Reconsideration" (Doc. 13), "Motion to Obtain Transcripts, Documents, Instruments, and All Relevant Data" (Doc. 14), "Motion to Adjust, Reduce, Suspend and/or Waive Court Fees" (Doc. 15); Motion to Request Conformed Copies (Doc. 16), and a Motion for Discovery and to Appoint Counsel (Doc. 17).  The Court will deny the Motions.

. . .

**I.      Motion for Reconsideration**

"Motions to reconsider are appropriate only in rare circumstances." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).   "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Plaintiff has not made any arguments in support of his Motion for Reconsideration.  However, the Court has reviewed the dismissal of this action and finds no basis to reconsider its decision.  The Court will therefore deny Plaintiff's Motion for Reconsideration.

**II.     Motions for Copies, Documents, and Discovery**

To the extent that Plaintiff is seeking copies of documents filed in this case, the Clerk of Court charges 50 cents per page for reproducing any record or paper.  *See* Judicial Conference Schedule of Fees ¶ 4, foll.  28 U.S.C. § 1914. An inmate has no right to free copies of pleadings.  *See In Re Richard*, 914 F.2d 1526, 127 (6th Cir. 1990) (*per curiam*) (28 U.S.C. § 1915 "does not give a litigant a right to have documents copied and returned to him at government expense").  Further, the Ninth Circuit has rejected any constitutional right to unlimited free photocopying.  *See Johnson v. Moore*, 936 F.2d 921, 923 (9th Cir. 1991) (*per curiam*), *superceded on other grounds*, 948 F.2d 517 (9th Cir. 1991) (*per curiam*); and *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) (rejecting any constitutional right to free and unlimited photocopying) (citing *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox.").  The Court will therefore deny Plaintiff's motions for copies.

To the extent that Plaintiff is seeking documents and other information from the Maricopa County Sheriff's Office, this case is closed and discovery is no longer available to Plaintiff.

The Court will therefore deny Plaintiff's Motions for copies, documents, and discovery (Docs. 14, 16, and 17).

**III.    Motion to Adjust, Reduce, Suspend and/or Waive Court Fees**

Plaintiff asks that the Court reduce or waive the filing fee for this case, or alternatively, suspend collection of the fee for 360 days.

Title 28 U.S.C. §1915(b)(1) states:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6–monthly period immediately proceeding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to reduce or waive the payment of Plaintiff's filing fee, or to suspend collection of the filing fee.

It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits *in forma  pauperis*.  *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims.  *See*, *e.g.*, H.R. Conf. Rep. No. 104-378, at 166-67 (1995);  141 Cong. Rec. S14626 (daily ed.)  (Sept. 29, 1995) (statement of Sen. Dole)").

The decision to file and prosecute this case was made by Plaintiff before he filed this case.  Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.  Accordingly, the Court will deny Plaintiff's "Motion to Adjust, Reduce, Suspend and/or Waive Court Fees."

**IV.    Motion to Appoint Counsel**

Because this case is closed, the Court will deny as moot the Motion to Appoint Counsel.

**IT IS ORDERED:**

(1)    Plaintiff's Motion for Reconsideration (Doc. 13) is **denied**.

(2)    Plaintiff's "Motion to Obtain Transcripts, Documents, and . . . Relevant Data" (Doc. 14) is **denied**.

(3)    Plaintiff's Motion to Adjust, Reduce, Suspend and/or Waive Court Fees (Doc. 15) is **denied**.

(4)    Plaintiff's Motion to Request Conformed Copies (Doc. 16) is **denied**.

(5)    Plaintiff's Motion for Discovery and to Appoint Counsel (Doc. 17) is **denied**.

Dated this 1st day of April, 2013.

*H. Murray Snow*
/G. Murray Snow
United States District Judge

- 4 -